UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIENE HENDERSON,

    Plaintiff,

    v.     CAUSE NO. 3:19-CV-1084-JD-MGG

LaPORTE COUNTY SHERIFF,

    Defendant.

OPINION AND ORDER

Briene Henderson is a prisoner in the LaPorte County Jail. Without a lawyer, he sent the court a letter alleging he is being denied protective custody and medical treatment. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Henderson did not file a complaint. Nevertheless, given the emergency nature of the claims presented and his request for injunctive relief, the court will construe the letter as a complaint against the Sheriff in his official capacity asking for injunctive relief.

Henderson alleges he testified against a criminal defendant and is in fear of being attacked by other inmates. He alleges he has asked for protective custody and been denied. The Sheriff has a constitutional duty to protect inmates from violence. *See Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). It is unclear what danger Henderson faces beyond that of any other inmate in the jail. It is unclear what, if any,

additional precautions have been taken to protect him given his testimony against a criminal defendant. What is clear is the Sheriff needs to promptly explain what increased risks exist for Henderson and what increased precautions are being taken.

Henderson also alleges he has mental disabilities and has been deprived of his psychiatric medications at the jail. It is unclear what medications he has been denied. It is unclear what injury he has suffered as a result. What is clear is the Sheriff needs to promptly explain Henderson's mental health status and what treatment he is receiving for his mental health.

Henderson also alleges he has epilepsy and suffers from seizures. He alleges he could fall from a top bunk if he had a seizure. However he says his bed assignment is currently on the floor. Since he cannot fall if he has a seizure while sleeping on the floor, this does not raise any safety concerns. Therefore the Sheriff need not respond to these allegations.

For these reasons, the court:

(1) GRANTS Briene Henderson leave to proceed against the LaPorte County Sheriff in his official capacity for injunctive relief to obtain protection from other inmates who want to attack him because he testified against a criminal defendant;

(2) GRANTS Briene Henderson leave to proceed against the LaPorte County Sheriff in his official capacity for injunctive relief to obtain psychiatric medication for his mental illness;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to fax or email a copy of this order to the LaPorte County Sheriff along with a copy of the complaint (ECF 1), Notice of Lawsuit – AO 398 (Rev. 1/09) (INND Rev. 8/16), and Waiver of Service – AO 399 (Rev. 1/09) (INND Rev. 8/16);

(5) DIRECTS the United States Marshals Service to PERSONALLY SERVE the LaPorte County Sheriff by **December 3, 2019**, with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d), if the LaPorte County Sheriff has not waived service;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the LaPorte County Sheriff to file an affidavit or declaration (with supporting medical records and reports from medical staff and others as necessary) by **December 9, 2019**, explaining what increased risks exist for Henderson and what increased precautions are being taken as a result of his having testified against a criminal defendant AND explaining Henderson's mental health status and what treatment he is receiving for his mental health; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the LaPorte County Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the two injunctive relief claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 26, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT